(92 Misc. Rep. 236)

## BRANDLER v. LUDEWIG et al.

(Supreme Court, Appellate Term, First Department. November 10, 1915.)

1. DISCOVERY ⬅61—EXAMINATION—ORDER.
　　Where an order directing an examination of defendant before trial is signed by the judge on presentation by the plaintiff, and it does not conform to that directed to be prepared, in that it includes inquiries which were disallowed, the defendant is entitled to a modification of the order to eliminate the objectionable inquiries.
　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. ⬅61.]

2. DISCOVERY ⬅41—EXAMINATION OF PARTY BEFORE TRIAL—SCOPE.
　　Conversations of principal and agent in the agent's suit for commissions on sales, sought to be proved by examination of the principal before trial, may properly be included in an order directing the examination, where the conversations are material to the issues on which the agent is entitled to an examination.
　　[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. ⬅41.]

---

3. DISCOVERY ⬤⇒41—EXAMINATION OF PARTY BEFORE TRIAL—SCOPE.
    Although an examination of defendant principal before trial cannot
include conversations of the parties as to the terms of plaintiff's employ-
ment as agent by the defendant, where the plaintiff alleges it to have
been of one sort, and defendant denies that version, such examination
may properly include any other transactions, such as the amount of plain-
tiff's sales and orders for which recovery of commissions is sought.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig.
    ⬤⇒41.]

Appeal from City Court of New York, Special Term.

Action by Joseph B. Brandler against Frederick Ludewig and an-
other, doing business as Frederick Ludewig & Co. From an order
denying modification of an order for examination of one of defend-
ants before trial, defendants appeal. Order modified and affirmed.

Argued November term, 1915, before LEHMAN, BIJUR, and
FINCH, JJ.

Townsend & Guiterman, of New York City (S. G. Nissenson, of
New York City, of counsel), for appellants.

Samuel I. Golieb, of New York City, for respondent.

LEHMAN, J.  The plaintiff has brought an action to recover com-
missions alleged to be due to the plaintiff in selling the defendants
merchandise, and also in purchasing merchandise for the defendants.
The defendants deny any agreement to pay commissions for the
purchase of merchandise, and claim that they were to pay commissions
only on—

"the amount of sales procured by the plaintiff, and sold and *delivered by the
defendants, subject to returns of merchandise, cancellations, and similar de-
ductions.*"

The plaintiff, after joinder of issue, obtained an order for—

"the examination of one of the defendants concerning the terms and condi-
tions of the employment of the plaintiff by the defendants, the amount of
sales made by the plaintiff while in the employ of the defendants, the amount
of purchases made by the plaintiff while in the employ of the defendants, the
amount of goods delivered by the defendants on sales made by plaintiff, and
all other matters concerning the sales of the goods."

The defendants thereafter moved to modify the examination—

"by eliminating all inquiry as to the terms and conditions of the employment
of the plaintiff by the defendants, or as to other matters concerning sales of
the goods, wares, and merchandise of the defendants made by the plaintiff,
or as to any conversations had between the plaintiff and the defendant,
*  *  *  and limiting the examination to the amount of sales and purchases
made by the plaintiff and the amount of goods delivered by the defendants
on sales made by the plaintiff."

 Upon the argument of this motion the plaintiff did not attempt to
defend that part of the order which provided for an examination as
to the terms and conditions of the employment of plaintiff by the de-
fendants, and there is no doubt but that the affidavits upon which
the order of examination is based are totally insufficient, even though

we adopt the most liberal possible practice in regard to such examinations. The only opposition to the granting of the motion to modify was based upon the alleged needs of the plaintiff to procure testimony concerning the delivery to the defendants of *orders* for goods, which orders were not rejected, and the affidavit in opposition to the motion expressly stated that it is in order that the plaintiff may not be limited regarding questions concerning such orders that the plaintiff appears on this motion to object to the elimination from the order of the clause allowing examinations regarding the sales of the goods, wares, and merchandise of the defendants made by the plaintiff herein, and the affidavit concludes with the words:

"Wherefore, while agreeing to eliminate from the examination concerning the 'terms and conditions of the employment of the plaintiff by the defendant,' deponent prays that the motion herein made by the defendants be dismissed, with costs."

Thereupon the justice below filed a memorandum stating that the motion to modify—

"is granted, and the order for the examination is modified, by eliminating therefrom the provision for the examination as to all matters concerning the sales of goods, wares, and merchandise of the defendants made by the plaintiff herein. Settle order on one day's notice."

Apparently the trial justice overlooked the fact that the motion asked for other relief, and that the plaintiff consented that the order of examination be modified by the elimination of questions concerning the terms and conditions of the plaintiff's employment. Doubtless, if this matter had been called to the justice's attention, he would have inserted a provision in accordance with this consent; but upon the settlement of the order the defendant merely presented an order in strict accordance with the memorandum, in the same form, except that it added a clause providing that the modification is made only—

"in so far that the plaintiff will not be estopped thereby from questioning the defendants as to the orders obtained by the plaintiff for the goods, wares, and merchandise of the defendants, for which orders plaintiff never was paid commissions."

The justice below signed the plaintiff's order, and the defendant appeals from that part of the order which fails to grant and denies that part of the defendants' motion for modification of the order of examination—

"which seeks to modify said order for examination by eliminating all inquiry as to the terms and conditions of the employment of the plaintiff by the defendants and as to any conversations had between the plaintiff and the defendant sought to be examined."

It is to be noted that the notice of appeal does not raise any question as to the inclusion in the order of the limitation upon that part of the motion actually granted. As a matter of fact this limitation does not add anything to plaintiff's rights, for he already had a right to question the defendants as to orders obtained by him, in order to prove the amount of his sales, and this limitation is inserted only from excess of caution, and cannot prejudice the defendants.

[1, 2] The defendants are, of course, entitled to a modification of the order, in so far as it fails to eliminate from the scope of the examination the inquiry as to the terms and conditions of plaintiff's employment, even though he could and should have obtained this relief more properly upon the settlement of the original order. He is not, however, entitled to any other modification. I know of no rule or principle which should lead the court to eliminate from an examination conversations between the parties, in so far as such conversations are material to the issues upon which a litigant is entitled to an examination.

[3] It is true that the courts have held that an examination should not generally be granted for the purpose of obtaining from an adverse party his version of a conversation, where he has denied the plaintiff's version, and this rule would perhaps be applicable in regard to an examination of the defendants of the terms of plaintiff's employment; but it can have no application to the examination in regard to the amount of the sales or purchases made by the plaintiff. If such sales can be proved by incidental evidence of conversations held with defendants, no reason appears why the plaintiff should not now examine the defendants in regard to these matters, and there is absolutely nothing in the papers to lead the court to believe either that the plaintiff intends to ask any questions in regard to such conversations or that the defendants would, if asked, deny the plaintiff's version thereof.

Order should therefore be modified, by eliminating all inquiry as to the terms and conditions of the employment of the plaintiff, and, as modified, affirmed, without costs. All concur.